IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE MERCIER,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0741-M |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil action brought by a *pro se* individual pursuant to 28 U.S.C. § 1331.

Parties: Plaintiff is a resident of Las Vegas, Nevada. Defendant is the United States of America. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Even when liberally construed, the complaint is difficult to understand. He contends that "the one major act" at issue "took place inside the offices of the Dallas County Clerk" in 2001. (Complaint at 1). He alleges that in 2001, he "asked the Dallas County Clerk to file a DBA for the Fluff Historian's Society -- which was refused." (Id. at 4). He states that had the DBA "been issued out, the Petitioner wanted to write a biography on the

term of President Bush." (Id.). He then "accuses the President, himself, George Bush, of violating the Civil Rights Act of 1964 by making clandestine arrangements behind the Petitioner's back to cause the Dallas County Clerk to refuse the filing inquiry." (Id.) In addition to the above, Plaintiff complains about the ongoing persecution to which he is subjected in the State of Nevada as a result of actions by the Nevada Governor and state and federal judges. (Id. at 2-3). Specifically, he alleges (1) the Las Vegas Metro Police conducted an illegal and unreasonable Search Operation against the Plaintiff on April 18th, (2) he was "denied the quiet enjoyment of the United States of America . . . when a low elevation white car carrying Nevada license plates 643 SSC peformed a rather frisky U-turn at a moderate velocy," and (3) he was "thoroughly beat up by the police in and out of Nevada Gas Stations." (Id.).

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B) which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly

incredible." Id. at 33, 112 S.Ct. at 1733.

Plaintiff's claims in this action are factually frivolous. His allegations of "persecution," "clandestine arrangements behind [his] back," and denial of DBA for the "Fluff Historian Society" describe fantastic or delusional scenarios which are clearly irrational and incredible. Therefore, this action should be dismissed with prejudice as frivolous. See Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997).

A search of the United States Party/Case Index indicates that Plaintiff is an active *pro se* litigant in federal courts nationwide, having filed over 70 cases since 2002.

The Court has an obligation to protect the orderly administration of justice and can issue an injunction to discharge that duty. Urban v. United Nations, 768 F.2d 1497, 1500 (D.C.Cir.1985). Sanctions also are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. See Fed. R. Civ. P. 11; In re Green, 669 F.2d 779, 787 (D.C.Cir. 1981). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, *are not entitled to sue and appeal, period."* Free v. United States, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added). Plaintiff should be warned that if he persists in filing frivolous lawsuits, the Court may impose monetary sanctions and bar him from bringing *any further actions of any kind* without prior court approval. See Ruston v. United States, 2004 WL 2187120, *2 (N.D.Tex. 2004) (issuing similar warning to *pro se* litigant with history of filing frivolous lawsuits); Scott v. Stephenson, 2002 WL 1432373 at *3 (N.D.Tex. Jul. 1, 2002) (same).[1]

---

[1] Plaintiff is also cautioned that venue is improper in the Northern District of Texas with respect to the majority of his claims. 28 U.S.C. § 1391(b).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further recommended that Plaintiff be warned that sanctions may be imposed if he persists in filing frivolous lawsuits.

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 4th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.